UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Willie Troy Price, Sr.**, # 200501013,<br><br>         Plaintiff,<br><br>vs.<br><br>**Anderson County Detention Center**;<br>**Joey Preston**, Anderson County Administrator,<br><br>         Defendants.<br>_____ | ) C/A No. 3:05-1403-MBS-JRM<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>) |

# *Background of this Case*

This is a civil rights action.[1] The plaintiff is a pre-trial detainee at the Anderson County Detention Center. He has brought suit against the Anderson County Detention Center and the County Administrator for Anderson County (Joey Preston). The plaintiff alleges that he has not been provided needed medication for headaches. The plaintiff writes:

> I STARTED EXPERIANCING [sic] HEADACHES AROUND
> THE 22ND OF FEBUARY [sic], 2005. I PUT IN A GRIEVANCE TO

---

[1]The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

> MEDICAL, I GOT NO RESPONSE. I COMPLAINED A FEW DAYS LATER AND WAS GIVEN TYLENOL. THE HEADACHES CONTINUED. I ASKED TO SEE A DOCTOR. I SUFFERE [sic] FOR THE NEXT MONTH WITHOUT SEEING A DOCTOR. AROUND MID APRIL I WAS TAKEN TO DOCTOR, PRECRIBED [sic] MEDICATION. (THE DOCTOR HERE AT ACDC)
>
> THE MEDS I WAS GIVEN CAUSE DROWSINESS. I WAS GIVEN THIS MEDICATION 3 TIME [sic] A DAY. IF I WAS ASLEEP MEDICATION WAS NOT GIVEN. I ASK COULD I GET IT, BECAUSE I NEED IT. I WAS REFUSED. ONCE MEDICAL PRESCRIPTION RAN OUT I HAD TO SUFFER WITH HEADACHES. I WAS TOLD TO PUT IN A GRIEVANCE EACH DAY. ALTHOUGH I DID SOME DAYS I WAS NOT GIVEN ANY THING FOR PAIN. MY CONDITION WAS KNOWN BY MEDICAL STAFF. I WAS TOLD TO BUT PAIN RELIEVER OFF CANTEEN. I AM INDIGENT AND THEY KNOW IT, STILL I WAS REFUSED.
>
> I COMPLAINED ABOUT MEDICAL TREATMENT AND NO ACTION WAS TAKEN.

(Complaint, at page 3). In his prayer for relief, the plaintiff seeks damages of one hundred fifty thousand dollars ($150,000) from the Anderson County Detention Center for his "PAIN AND SUFFERING." (Complaint, at page 5). The above-captioned case is the plaintiff's first case filed in the United States District Court for the District of South Carolina.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

(1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The Anderson County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Anderson County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999

U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf.* Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

The plaintiff has brought suit against the County Administrator for Anderson County, not the Administrator of the Anderson County Detention Center. Deliberate indifference to an inmate's safety needs or medical needs is actionable under § 1983. *See* Farmer v. Brennan, 511 U.S. 825, 833 128 L.Ed.2d 811, 114 S. Ct. 1970, 1994 U.S.LEXIS® 4274 (1994), which was an action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); and Estelle v. Gamble, 429 U.S. 97, 106 (1976).[3] Even so, Joey Preston, the County Administrator for Anderson County, is not responsible for the day-today operation of the Anderson County Detention Center. As a result, defendant Preston should be

---

[3]The plaintiff's claims in the above-captioned case are governed by the Fourteenth Amendment, not the Eighth Amendment, because the plaintiff is a pre-trial detainee. *See* Belcher v. Oliver, 898 F.2d 32, 1990 U.S.App. LEXIS® 3559 (4th Cir. 1990). In Belcher v. Oliver, the Court noted: "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, supra, 898 F.2d at 34.

summarily dismissed because he is not directly responsible for the alleged denial of medication.  *See* Wilson v. Cooper, 922 F. Supp. 1286, 1293, 1996 U.S.Dist. LEXIS® 5101 (N.D.Ill. 1996); and Campo v. Keane, 913 F. Supp. 814, 825 & n. 11, 1996 U.S.Dist. LEXIS® 1207 (S.D.N.Y. 1996).  *See also* Horton v. Marovich, 925 F. Supp. 540, 1996 U.S.Dist. LEXIS® 5772 (N.D.Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right.").

The doctrine of vicarious liability and the doctrine of "*respondeat superior*" are not applicable in § 1983 actions.  Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977).  Hence, liability may not be imposed upon the Anderson County Administrator for the actions or inactions of employees or officials at the Anderson County Detention Center.[4]

---

[4] There is a limited exception to the prohibition against imposing liability in § 1983 cases under the doctrines of respondeat superior or vicarious liability, which has been enunciated in cases such as Slakan v. Porter, 737 F.2d 368, 370-375 (4th Cir. 1984), *cert. denied*, Reed v. Slakan, 470 U.S. 1035 (1985).  *See also* Shaw v. Stroud, 13 F.3d 791, 1994 U.S. App. LEXIS® 196 (4th Cir.), *cert. denied*, Stroud v. Shaw, 513 U.S. 813, 1994 U.S. LEXIS® 5500 (1994). For an example of supervisory liability under § 1983 where liability was upheld, *see* Baynard v. Malone, 268 F.3d 228, 2001 U.S.App. LEXIS® 20975 (4th Cir. 2001), *cert. denied*, Baynard v. Alexandria City School Board, 535 U.S.954, 152 L.Ed.2d 353, 122 S.Ct. 1357, 2002 U.S. LEXIS® 1948 (2002).  These cases are not applicable in the case at bar because defendant Preston, as County Administrator for Anderson County, is not responsible for the day-to-day operation of the Anderson County Detention Center.

Nevertheless, the plaintiff can bring a civil rights action against individual Anderson County Detention Center employees or officials who have been deliberately indifferent to his medical needs. The plaintiff can obtain, without cost, civil rights forms from the Office of the Clerk of Court in Columbia. If the plaintiff files such a case, it will be assigned its own civil action number.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

          Respectfully submitted,

          s/Joseph R. McCrorey
          United States Magistrate Judge

May 20, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**